**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| RUFINA HERNANDES, REYNA MEZA, JOSE GABRIEL SANGURIMA, MARIA REYES, and MARIA ZUMBA QUINDE on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LO SEWING, INC., MARIA GALLEGOS, and SELIN LNU,<br><br>Defendants. | Case No.: |

Named Plaintiffs Rufina Hernandes, Reyna Meza, Jose Gabriel Sangurima, Maria Reyes, and Maria Zumba Quinde, on behalf of themselves and others similarly situated, by their attorneys, New York Legal Assistance Group ("NYLAG") and Fisher Taubenfeld LLP, allege the following against Defendants LO SEWING, INC. ("Lo Sewing", "Corporate Defendant"), MARIA GALLEGOS, and SELIN LNU ("Individual Defendants"):

## NATURE OF THE ACTION

1. This action arises in response to Defendants' wage and hour violations, including a failure to pay Plaintiffs all wages owed.

2. Plaintiffs bring this suit under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") seeking compensatory, liquidated and punitive damages, unpaid overtime wages, pre-judgment and post-judgment interest and attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

4. Plaintiffs are residents and citizens of the State of New York.

5. Corporate Defendant is a business corporation located and operating in the State of New York.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

### The Plaintiffs

8. Plaintiff RUFINA HERNANDES is a resident of Brooklyn, New York. She is an employee of Lo Sewing.

9. Plaintiff REYNA MEZA is a resident of Brooklyn, New York. She has been employed by Lo Sewing since the summer of 2011.

10. Plaintiff JOSE GABRIEL SANGURIMA is a resident of Brooklyn, New York. He has been employed by Lo Sewing since the summer of 2018.

11. Plaintiff MARIA ZUMBA QUINDE is a resident of Brooklyn, New York. She has been employed by Lo Sewing since the summer of 2019.

12. Plaintiff MARIA REYES is a resident of Queens, New York. She has been employed by Lo Sewing for approximately 15 years.

### The Defendants

13. Defendant LO SEWING ("Corporate Defendant") is a corporation headquartered and incorporated in New York. The corporate defendant employs or has employed all of the Plaintiffs.

14. At all times herein stated, Corporate Defendant is and has been an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all times stated herein, Corporate Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that it has and has had employees engaged in commerce or in the production of goods for commerce, or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person, and in that it has and has had an annual gross volume of sales made or business done of not less than $500,000.

16. Plaintiffs handled tools and materials, such as sewing supplies, that traveled through interstate commerce.

17. At all times relevant to this action, Corporate Defendant is or was Plaintiffs' employer within the meaning of 29 U.S.C. §§ 203(d) and 203(g), NYLL §§ 2(6), 191(3) and 651(6).

18. At all relevant times hereto, Corporate Defendant has continuously been doing business in the State of New York and the City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definitions of State Law.

19. At all relevant times, Individual Defendants have been Plaintiff's employers within the meaning of 29 U.S.C. §§ 203(d) and 203(g), NYLL §§ 2(6), 191(3) and 651(6).

20. Defendant Selin Lnu ("Defendant Lnu") is the owner of Corporate Defendant and at all relevant times held supervisory authority over Plaintiffs by, *inter alia*, setting Plaintiffs' schedules, assigning tasks to Plaintiffs, reviewing Plaintiffs' work, and setting Plaintiffs' rate of pay. Defendant Selin hired many of the Plaintiffs personally. Defendant Selin was Plaintiffs' employer.

21. Defendant Maria Gallegos ("Defendant Gallegos") is an agent or employee of Corporate Defendant who supervised Plaintiffs and held supervisory authority over Plaintiffs by, *inter alia*, assigning tasks to Plaintiffs, controlling the terms and conditions of Plaintiffs' work, and taking disciplinary action against Plaintiffs. Defendant Gallegos was Plaintiffs' employer.

22. Upon information and belief, Defendant Gallegos has worked for the Corporate Defendant for over 25 years.

## STATEMENT OF FACTS

### *Wage and Hour Claims*

23. Defendants have consistently failed to pay Plaintiffs at the required federal and state minimum wage, have failed to pay required overtime wages, and have not provided the wage notices and statements required under New York State law.

24. Plaintiff Hernandes generally works from 8:00 am until 6:00 pm., five days per week. Last year, she worked six days per week.

25. Plaintiff Meza consistently works from 9:00 am until 6:00 pm, five days per week.

26. Plaintiff Sangurima begins work between 9:00 am and 9:30 am, and leaves between 6:30 pm or 7:00 pm. He usually works five days per week, with an occasional weekend day.

27. Plaintiff Quinde consistently works from 8:30 am until 6:30 pm or 7:00 pm, five days per week.

28. Plaintiff Reyes begins work at 8:30 am and leaves between 6:00-7:00 pm, six days per week. However, her schedule is flexible, and she generally works nine to ten hours per day.

29. Plaintiffs receive one half-hour lunch break each day.

30. All Plaintiffs work more than forty hours per week, but are not paid at a rate of one and a half times their standard rate for all hours worked above forty.

31. Plaintiffs are not paid regularly, receiving their pay between one and three weeks apart. There is no standard pay day.

32. On occasion, some Plaintiffs have not received their pay for over a month.

33. Defendants pay their workers by piece of clothing completed, not by hours worked.

34. The pay workers receive varies from 10 cents to 80 cents per piece.

35. Because some workers specialize in certain items, those workers may only be able to produce items in a certain price range. For example, Defendant Sangurima never works on any items that would earn him more than 12 cents per item.

36. Plaintiffs therefore do not receive a consistent amount of pay each week despite working the same number of hours.

37. Plaintiff Hernandes receives anything from $210 per week to $250 per week.

38. Plaintiff Sangurima receives anything between $180 and $325 per week, about $50-60 per day.

39. Plaintiff Quinde receives between $40 and $60 per day.

40. Plaintiff Reyes earns about $150 to $280 per week. The maximum she makes is 72 cents per item.

41. Plaintiff Meza earned approximately between $120 and $400 per week.

42. Defendants are therefore frequently failing to pay Plaintiffs at the required federal or state minimum wages.

43. Defendant Selin has workers punch time cards to reflect that they are paid minimum wage, but in reality, Plaintiffs and their coworkers are paid per item created.

44. Defendant Selin makes Plaintiffs and their coworkers sign fraudulent time cards.

45. Plaintiffs are paid entirely in cash.

46. Plaintiff Maria Reyes was paid by check on a few occasions, but the checks did not go through and she was subsequently also paid in cash.

47. Plaintiffs are reluctant to refuse to sign these fraudulent cards in fear of not getting paid or other retaliation.

48. Defendant Selin keeps all records and does not provide workers with any pay statements.

## COLLECTIVE ACTION ALLEGATIONS

49. Upon information and belief, Defendants' failure to comply with the FLSA extended beyond the Plaintiffs to other similarly situated employees who worked more than forty hours in a work week without receiving the correct overtime premium pay.

50. Plaintiffs seek certification of this action as a collective action on behalf of themselves, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b) who were or have been employed between the period of 2021 to the present.

51. The consent to sue forms for Plaintiffs are attached hereto as **Exhibit 1**.

52. At all relevant times, Plaintiffs and others who are and/or have been similarly situated were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

53. Plaintiffs bring this action on behalf of themselves and all other employees who were or are employed by the Defendants but who did not receive compensation required by the NYLL while employed by Defendants.

54. Upon information and belief, this class of persons consists of no fewer than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

55. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

56. The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

57. Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

58. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

59. Plaintiffs bring the third through sixth claims for relief herein on behalf of themselves and as representatives of all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act Minimum Wage

60. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

61. Plaintiffs were employees of Defendants within the meaning of the FLSA. 29 U.S.C. § 203.

62. Defendants failed to consistently pay Plaintiffs the federal minimum wage, in violation of 29 U.S. Code § 206.

63. Defendants' failure to pay Plaintiffs lawful minimum wages was willful.

**64.** Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants Plaintiffs' unpaid minimum wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action and interest.

## SECOND CAUSE OF ACTION

## Fair Labor Standards Act Overtime

65. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

66. Plaintiffs were employees of Defendants within the meaning of the FLSA. 29 U.S.C. § 203.

67. Defendants failed to consistently pay Plaintiffs the required overtime wage, in violation of 29 U.S.C. § 207.

68. Defendants' failure to pay Plaintiffs lawful overtime wages was willful.

69. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants Plaintiffs' unpaid minimum wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action and interest.

## THIRD CAUSE OF ACTION

## New York Labor Law Minimum Wage

70. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

71. Plaintiffs were employees of Defendants within the meaning of the NYLL, including but not limited to NYLL §§ 2 and 651.

72. Defendants failed to pay Plaintiffs at the New York State minimum wage, in violation of NYLL § 652.

73. Defendants' failure to pay Plaintiffs lawful minimum wages was willful.

74. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendant Plaintiffs' unpaid minimum wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action and interest.

## FOURTH CAUSE OF ACTION

### New York Labor Law Overtime Wage

75. Plaintiffs repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth herein.

76. Plaintiffs were employees of Defendants within the meaning of the NYLL, including but not limited to NYLL §§ 2 and 651.

77. Defendants failed to pay Plaintiffs' overtime wages at an hourly rate of 150% of their regular hourly rate for each hour worked in excess of 40 per week, in violation of NYLL § 652 and 12 NYCRR § 142-3.2.

78. Defendants' failure to pay Plaintiffs lawful overtime wages was willful.

79. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants Plaintiffs' unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action and interest.

## FIFTH CAUSE OF ACTION

### For Failure to Notify Under the New York Labor Law

80. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employees' hiring or a change to their pay rate, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

82. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiffs and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

83. Defendants failed to provide Plaintiffs and other similarly situated employees with a notice or paystub as required under §195 of the NYLL.

84. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and other similarly situated employees have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF

### NYLL Failure to Timely Pay Wages

85. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

86. New York State labor law § 191 requires that a manual laborer be paid no less frequently than once a week.

87. Defendants unlawfully regularly paid Plaintiffs less frequently than once a week.

88. Defendants willfully and intentionally made these untimely payments in violation of the NYLL and supporting Department of Labor Regulations.

89. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs have sustained damages and seek recovery for unpaid wages in an

amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

(a) Awarding Plaintiffs unpaid overtime wages and liquidated damages under the FLSA;

(b) Awarding Plaintiffs unpaid overtime wages and liquidated damages under the NYLL;

(c) Awarding Plaintiffs penalties under the NYLL;

(d) Certifying a collective action pursuant to the FLSA;

(e) Certifying a class action pursuant to the NYLL;

(f) Awarding Plaintiffs pre-judgment and post-judgment interest;

(g) Awarding Plaintiffs the cost of this action, together with reasonable attorneys' fees; and

(h) Awarding such other relief as this Court deems just and proper.

Dated: April 17, 2024
      New York, New York

Respectfully submitted,

*Michael Taubenfeld*
FISHER TAUBENFELD LLP
Michael Taubenfeld (michael@fishertaubenfeld.com)
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700

Facsimile: (212) 505-2001

NEW YORK LEGAL ASSISTANCE GROUP
Elissa Devins (devins@nylag.org)
100 Pearl St 19th Fl.
New York, NY 10004
Phone: (212) 613-5000

*ATTORNEYS FOR PLAINTIFFS*

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que es empleado de LO SEWING, o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con lostérminos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

*Maria Zumba Quinde*
NOMBRE

*Maria Zumba Quinde*
FIRMA

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que es empleado de LO SEWING, o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con lostérminos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

_[signature]_
NOMBRE

_Jose Gabriel Sangurima_
FIRMA

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que es empleado de LO SEWING, o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

*Maria C. Reyes*
NOMBRE

*Maria C. Reyes*
FIRMA

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS

## RAZONABLES DE TRABAJO

Soy un individuo que es empleado de LO SEWING, o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

*Reyna Meza*
NOMBRE

*[signature]*
FIRMA

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS

## RAZONABLES DE TRABAJO

Soy un individuo que es empleado de LO SEWING, o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con lostérminos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

*Rufina Hernondez*
NOMBRE

*Rufina Hernandz*
FIRMA