F I S H E R | T A U B E N F E L D LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

January 20, 2026

**VIA ECF**
Magistrate Judge Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                **Re: Hernandes v. Lo Sewing, Inc. et al,**
                <u>**Case Number: 1:24-cv-02882-NCM-RML**</u>

Dear Judge Levy:

      Along with the New York Legal Assistance Group, we represent Plaintiffs in this action. We write to comply with the Court's January 7, 2026 order regarding service on the new Defendants.

      **1.**   **Relevant Background.**

      Plaintiffs filed this action asserting various FLSA and NYLL claims against Lo Sewing, Inc., Maria Gallegos, and an individual labeled as Selin LNU. Plaintiffs served the Summons and Complaint on these Defendants. (Doc. Entries 7-10) Plaintiffs subsequently amended their complaint to add SL Sewing Inc. and to include additional facts, but did not add any new claims (Doc. Entry 18). Plaintiffs served SL Sewing Inc. with the Amended Complaint. (Doc. Entry 21)

      Subsequently, Plaintiffs discovered the identity of Defendant Selin LNU – Salim Abouhamra. Plaintiffs moved to amend the complaint to substitute the correct name and to add Rafoul Abuhamra as an additional Defendant. (Doc. Entry 23). The Court granted Plaintiffs' motion, and Plaintiffs filed the Second Amended Complaint on August 1, 2025. (Doc. Entry 25)
.
      Plaintiffs unfortunately did not immediately serve the Second Amended Complaint. My firm is currently litigating another case against the same Defendants and had earlier filed the same amended complaints in that case. <u>Badillo v. Lo Sewing, Inc. et al</u>, Case Number: 1:24-cv-02847-NRM-SDE. My firm served the Second Amended Complaint in that case but due to a mix-up, inadvertently failed to serve the Second Amended Complaint in this case. Subsequently, the paralegal responsible for serving the complaints in both cases quit without notice. As a result, it was only late last month that we realized that we had not served the Second Amended Complaint

in this case. The Second Amended Complaint was ultimately served on Salim Abouhamra on January 12, 2026. (Doc. Entry 28) Plaintiffs voluntarily dismissed their claims against Rafoul Abuhamra. (Doc. Entry 27)

## 2. The Court Should Deem Timely Nunc Pro Tunc Plaintiffs' Service on Defendant Salim Abouhamra.

Plaintiffs have properly served all Defendants and timely served all Defendants except Defendant Salim Abouhamra. Plaintiffs served Lo Sewing, Inc. and Maria Gallegos with the original Summons and Complaint at the start of this case and those Defendants did not appear. Therefore under Fed.R.Civ.P. 5(a)(2), "[n]o service is required on a party who is in default for failing to appear," unless the amended complaint "asserts a new claim for relief against such a party." Neither the Amended Complaint nor Second Amended Complaint added new claims against these Defendants. Similarly, Plaintiffs served Defendant SL Sewing Inc. with the Amended Complaint and the Second Amended Complaint did not add any new claims. Therefore because these Defendants failed to appear, and Plaintiffs did not add new claims in the Amended and Second Amended Complaints, Plaintiffs were not required to serve them under Fed.R.Civ.P. 5(a)(2). De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (service of amended complaint on defaulting defendants not required unless the amended complaint adds a new claim). Allstate Ins. Co v. Yadgarov, No. 11-CV-6187 PKC VMS, 2014 WL 860019 at *6 (E.D.N.Y. Mar. 5, 2014) (plaintiff not required to serve Amended Complaint on defaulting Defendant when there were no new claims as to that defendant); Georg Neumann GmbH v. GoToToolz, Ltd., No. 23-CV-5808 (KAM)(LB), 2024 WL 3344013, at *2 n.1 (E.D.N.Y. July 9, 2024) (same). Service was not required even though the Clerk has not yet entered a default in this case. Am. Empire Surplus Lines Ins. Co. v. Concord Restoration Inc., No. 20CV2341RPKRER, 2021 WL 7830142, at *2, n.7 (E.D.N.Y. July 28, 2021), report and recommendation adopted in part, No. 20CV2341RPKRER, 2022 WL 950432 (E.D.N.Y. Mar. 30, 2022). Accordingly, Plaintiffs were not required to serve the original Defendants with the Second Amended Complaint.

Plaintiffs did not timely serve Defendant Salim Abouhamra with the Second Amended Complaint. However, as noted above, because Defendant Salim Abouhamra was served with the original complaint, it is possible that Plaintiffs were not obligated to serve him with any subsequent complaints because none of the amended complaints added new claims. To the extent that Plaintiffs were obligated to do so, however, the Court should extend Plaintiffs' deadline nunc pro tunc. Plaintiffs acknowledge that their delays likely do not constitute good cause. However, the Court is authorized to extend the deadline for service even in the absence of good cause, and we contend the short extension of approximately two months is justified here. Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). Courts look at the following factors, as well as any equitable factors, when deciding whether to extend the deadline:

"(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of the plaintiff's request for relief from the provision."

2

Gore v. RBA Grp., Inc., No. 03 CIV. 9442 (RJS), 2009 WL 884565, at *6 (S.D.N.Y. Mar. 27, 2009).

Here, these factors strongly favor the extension. First, Plaintiffs have asserted FLSA and NYLL claims, both of which are subject to statutes of limitations, and could lose claims if Salim Abouhamra is dismissed. Second, Salim Abouhamra had notice of this case because he was served with the original complaint. Finally, although Defendant Salim Abouhamra did not try to conceal service, he would not be prejudiced by an extension. As noted above, Defendant Salim Abouhamra has been on notice of this case since 2024 and has made no effort to respond to the allegations. Accordingly, the Court should extend Plaintiffs' deadline to serve Defendant Salim Abouhamra nunc pro tunc.

We thank the Court for its attention to this matter.

Respectfully Submitted,

_____/s/_____

Michael Taubenfeld