UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUFINA HERNANDES, REYNA MEZA, JOSE GABRIEL SANGURIMA, MARIA REYES, and MARIA ZUMBA QUINDE on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>LO SEWING, INC., SL SEWING INC., MARIA GALLEGOS, SALIM ABOUHAMRA a/k/a SALIM ABOHAMRA a/k/a SALIM HAMRA, and RAFOUL ABOUHAMRA, a/k/a RAFOUL ABOHAMRA a/k/a RAFOUL ABOU HAMRA,<br><br>                              Defendants. | Case  No.:   1:24-cv-02882-NCM-RML<br><br>**DECLARATION OF ELISSA S. DEVINS IN SUPPORT OF DEFAULT JUDGMENT** |

ELISSA S. DEVINS, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, the following to be true and correct:

1.  I am an attorney duly admitted to practice in the State of New York and to the Bar of this Court and I represent Plaintiffs Rufina Hernandes, Reyna Meza, Jose Gabriel Sangurima, Maria Reyes, and Maria Zumba Quinde in this matter.  I am familiar with the facts and circumstances of this case as set forth herein.

2.  I am co-counsel with lead attorney, Michael Taubenfeld, who is primarily responsible for the prosecution of this matter on behalf of the Plaintiffs.

3.  As a Coordinating Senior Staff Attorney in the New York Legal Assistance Group's Employment Law Project, I have been involved with this case since its inception.

4. I respectfully submit this declaration in support of Plaintiff Hernandes' Motion for Default Judgment.

## ATTORNEY'S FEES

5.    Plaintiffs are entitled to reasonable attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and the New York Labor Law § 663 and §198.

## MY QUALIFICATIONS AND EXPERIENCE

6.    In 2000, I received a Juris Doctor degree from the Benjamin N. Cardozo School of Law in New York City and I received a Bachelor of Arts degree from Carleton College in Northfield, Minnesota. I was admitted to the bar of the State of New York in 2002, and subsequently to the United States District Court for the Southern District in 2023, and the United States Eastern District in 2004.  I am a member in good standing in each of these bars.

7.    I have practiced labor and employment law with a focus on discrimination since being admitted to the New York Bar in 2002. After graduating from law school, I worked as an associate at Herbst & Greenwald, a private firm that specialized in Section 1983 cases and employment discrimination cases for two years before I began as a staff attorney at the New York Legal Assistance Group (NYLAG), a non-profit legal services organization that has provided legal representation to low wage and immigrant individuals for free or at low cost since 1990. Between 2002 and 2008, I represented clients in Social Security cases and cases involving Medicaid and Public Assistance. I also worked with NYLAG's Special Litigation Unit on several class actions against the City of New York that involved Food Stamps and other public benefits.

8.  In 2008, I co-created the Employment Law Project at NYLAG with the goal of continuing and expanding our employment law practice for low-income, underserved New Yorkers who cannot afford legal representation. Since then, as a Coordinating Senior Staff Attorney, I have been representing clients in wage and hour, employment discrimination and

leave related case—both with co-counsel, and on my own.

9. Plaintiffs are requesting an hourly rate of $550 for my work, which is reasonable for experienced FLSA practitioners. Santamaria v. Vee Techs., Inc., No. 22-CV-4472 (AS), 2024 WL 3030539, at *3 (S.D.N.Y. June 17, 2024) (awarding $550 to a partner in a FLSA case). Although courts in this Circuit have often awarded rates lower than $550, those courts often failed to take into inflation when awarding attorneys' fees. Rubin v. HSBC Bank USA, NA, No. 20-CV-4566, 2025 WL 248253, at *6 (E.D.N.Y. Jan. 21, 2025) (determining that given inflation a reasonable hourly rate for a partner ranges between $450-$650). Accordingly, $550 is a reasonable rate.

10. I have spent 17.5 hours from case inception until July 13, 2026, the date we filed Plaintiffs' Motion for Default Judgment, working on this case. These hours were reasonably necessary for me to: a) meet with Plaintiffs near Defendant Lo Sewing, their work site, in Sunset Park, Brooklyn in order to gather initial facts and documents for the Complaint; b) speak to Plaintiffs on the telephone or in person to update them and receive updates about their work; c) discuss Plaintiffs' updates as shared with me by our paralegal Maya Cabral who speaks Spanish and English; d) discuss case strategy with co-counsel Michael Taubenfeld; e) review and edit Mr. Taubenfeld's drafts of filings, such as the Complaint; f) interview three of our Plaintiffs in order to draft three declarations in support of Plaintiffs' Motion for Default Judgment; g) get these three declarations signed by Plaintiffs in Sunset Park, Brooklyn, and h) draft my own Declaration in Support of Plaintiffs' Motion for Default Judgment.

11. After Monday July 13, the date Plaintiffs filed their Motion for Default Judgment in this Court, I have spent an additional reasonable 1.1 hours trying to reach out to Plaintiff Rufina Hernandes (along with the efforts of NYLAG paralegal Maya Cabral) and editing Ms. Hernandes' Declaration in Support of Plaintiffs' Motion for Default Judgment. The revised chart

below includes the additional 1.1 hours I have spent on this case since July 13, 2026, and reflects an additional $605 in fees.

## ATTORNEY ELISSA DEVINS

| 7/14/26 | .1 | $550 | 55 | Leftvm/WhatsApp message/text w.Hernandes |
|---------|-----|------|-----|------------------------------------------|
| 7/15/26 | .2 | $550 | 110 | Edit Hernandes Decl. |
| 7/16/26 | .8 | $550 | 44 | drafted letter to Hernandes and went to Fedex to send overnight |
| TOTAL | 1.1 | | $605 | |

12. NYLAG paralegal Maya Cabral is an experienced paralegal who has been working in the Employment Law Project of the New York Legal Assistance Group since 2022. Ms. Cabral has a Bachelor's degree from Hollins University and a Master's Degree from the University of Chicago. She has been involved with this case since its inception and has been instrumental in communicating with our Spanish-speaking clients, drafting Plaintiff declarations for Plaintiffs' Motion for Default Judgment and strategizing about the case with NYLAG attorneys and our co-counsel Michael Taubenfeld.

13. Ms. Cabral has spent 53.5 hours on this case, which is reasonable given her considerable work communicating with all of our Plaintiffs, providing significant interpretation services, and drafting Plaintiff Declarations for Plaintiffs' Motion for Default Judgment.

14. Plaintiffs are requesting an hourly rate of $150 for Ms. Cabral's work, which is

reasonable for an experienced paralegal. This rate is customarily used for other paralegals in fee petitions for NYLAG, and is significantly lower than paralegal rates reported by similar firms for similar work.

15. The chart below includes the date, time spent, rate and fees for Ms. Cabral's work on this case to date.

**PARALEGAL MAYA CABRAL**

| DATE | TIME | RATE | FEES | Work Done |
|---|---|---|---|---|
| April 2023 to June 2023 | 12 | 150 | 1800 | Intake with clients and reviewing intakes |
| 6/20/23 | .40 | 150 | 60 | Call w.co-counsel MT and NYLAG's Elissa Devins (ED) |
| 6/29/23 | .80 | 150 | 120 | WhatsApp call with CLs, MT & ED to discuss next steps |
| 8/2/23 | 2.0 | 150 | 300 | Meeting at Aviles office to meet CLs |
| 8/2/23 | 1.0 | 150 | 150 | Travel to Aviles office |
| 8/16/23 | 1.2 | 150 | 180 | Meeting with Sangurima and ED in person re Complaint |
| April 2024 to June 2026 | 20 | 150 | 3000 | Client calls to answer questions, ask clients questions, provide general |

| | | | | updates, group meetings |
|---|---|---|---|---|
| 10/10/24 | .7 | 150 | 105 | TC with Maria Reyes |
| 09/8/25 | .7 | 150 | 105 | TC with ED and MT |
| 7/8/26 | 1.0 | 150 | 150 | TC with Hernandes |
| 7/10/26 | 1.0 | 150 | 150 | TC with Reyna Meza |
| 7/10/26 | 2.0 | 150 | 300 | Draft Reyes Decl. |
| 7/10/26 | 1.0 | 150 | 150 | TC w. Sangurima |
| 7/10/26 | 1.0 | 150 | 150 | TC w. Maria Zumba Quinde |
| 7/13/26 | 1.0 | 150 | 150 | TC with Reyna Meza |
| 7/13/26 | 1.0 | 150 | 150 | TC w. Sangurima |
| 7/13/26 | 1.0 | 150 | 150 | Draft Maria Zumba Quinde Decl. |
| 7/13/26 | 1.0 | 150 | 150 | Travel to Bklyn for client signatures |
| 7/13/26 | 1.2 | 150 | 180 | Meet with CLs in Bklyn for signatures |
| 7/14/26 | .1 | 150 | 15 | Left messages for Hernandes |
| 7/15/26 | .1 | 150 | 15 | Left messages Hernandes |
| 7/17/26 | 2.1 | 150 | 315 | TC with Hernandes |
| 7/17/26 | 1.0 | 150 | 150 | Draft Hernandes declaration |
| 7/20/26 | .2 | 150 | 30 | Edit Decl. |
| TOTAL | 53.5 | | 8,025 | |

16. With regards to this motion, NYLAG has worked a total of 54.6 hours on this case and is requesting $8,630 in fees.

Dated: New York, New York
     July 20, 2026

Elissa S. Devins, Esq.