UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUFINA HERNANDES, REYNA MEZA, JOSE GABRIEL SANGURIMA, MARIA REYES, and MARIA ZUMBA QUINDE on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>LO SEWING, INC., SL SEWING INC., MARIA GALLEGOS, SALIM ABOUHAMRA a/k/a SALIM ABOHAMRA a/k/a SALIM HAMRA, and RAFOUL ABOUHAMRA, a/k/a RAFOUL ABOHAMRA a/k/a RAFOUL ABOU HAMRA,<br><br>                Defendants. | Case No.:   1:24-cv-02882-NCM-RML<br><br>**DECLARATION OF MICHAEL TAUBENFELD IN SUPPORT OF DEFAULT JUDGMENT FOR PLAINTIFF RUFINA HERNANDES** |

MICHAEL TAUBENFELD, Esq. declares under the penalty of perjury the following to be true:

1. I am an attorney duly admitted to practice in the state of New York and to the Bar of this Court, and I represent Plaintiffs Rufina Hernandes, Reyna Meza, Jose Gabriel Sangurima, Maria Reyes, and Maria Zumba Quinde in this matter. I am familiar with the facts and circumstances of this case as set forth herein.

2. Plaintiffs commenced this action by the filing of a Complaint asserting six causes of causes of action: failure to pay overtime wages under the Fair Labor Standards Act ("FLSA") (first claim) and New York Labor Law ("NYLL") (second claim); failure to pay minimum wage under the FLSA (third claim) and NYLL (fourth claim); failure to provide proper notice of pay and pay stubs under the NYLL (fifth claim); and failure to timely pay wages under the NYLL (sixth claim). Plaintiffs subsequently amended their complaint twice.

1

3. Defendants have failed to respond to the complaints. No Defendant is the minor or incompetent person is represented by a general guardian, conservator, or other fiduciary who has appeared.

4. No Defendant is in military service. We performed a Department of Defense Manpower Data Center search, which determined that Defendant Abouhamra is not in active duty status. We have been unable to perform a similar search for Defendant Gallegos and continue to perform the search, but Defendant Gallegos is Plaintiffs' supervisor and not in active military service.

5. On and about September 3, 2025, I spoke with Abraham Hamra, Esq., an employment lawyer who advised me that Raful Abouhamra was his father and asked that we dismiss the case against him. He also advised that Defendant Salim Abouhamra is his uncle. Plaintiffs ultimately dismissed the claim against Raful Abouhamra without prejudice.

6. On July 13, 2026, Plaintiffs moved for a default judgment on behalf of Plaintiffs Reyna Meza, Jose Gabriel Sangurima, Maria Reyes, and Maria Zumba Quinde.

7. The Court subsequently extended Plaintiff Rufina Hernandes' deadline to move for a default judgment to July 20, 2026.

8. Plaintiff Rufina Hernandes now moves for an entry of Default Judgment as to liability and damages against all Defendants on all six pleaded causes of action under the FLSA and NYLL.

**ATTORNEY'S FEES AND COSTS**

9. Plaintiffs are entitled to reasonable attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and New York Labor Law §§ 663 and 198. I have practiced labor and employment law with a focus on wage-and-hour matters since my admission to the New York Bar in 2008. I am a member of the New York chapter of the National Employment

Lawyers Association and have been invited to give CLEs on the FLSA. I have served as class counsel in a FLSA case in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (JFB)(AKT) in which the court granted partial summary judgment for Plaintiffs and the class on liability and damages and have won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020). The requested hourly rate of $550 for my work is reasonable given current market rates for experienced FLSA practitioners in this jurisdiction, accounting for inflation and recent awards in similar cases.

10. In Plaintiffs Reyna Meza, Jose Gabriel Sangurima, Maria Reyes, and Maria Zumba Quinde's default judgment motion, Plaintiffs requested $17,601.75 attorney' fees and costs. The 2.6 hours I expended on this motion were reasonably necessary to move for a default judgment on behalf of Plaintiff Rufina Hernandes. I am therefore requesting $1,430 in fees.

11. In addition to Plaintiffs' Declaration and Memorandum of Law, Plaintiffs submit the following supporting documents and evidence:

- Second Amended Complaint as **Exhibit 1**.

- Proofs of Service as **Exhibit 2.**

- Certificates of Default as **Exhibit 3.**

- Damages Calculations as **Exhibit 4**.

- Attorney Timesheets in Support of Request for Attorneys' Fees as **Exhibit 5**.

Dated: New York, New York
July 20, 2026

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld, Esq.

3

*Attorneys for Plaintiffs*
225 Broadway, Suite 1700
New York, New York 10007